UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Theodore Jones

   v.                                                                 Civil No. 17-cv-365-LM
                                                                                   Opinion No. 2018 DNH 025

FCI Berlin, Warden

## **O R D E R**

Petitioner Theodore Jones, who is presently incarcerated at the Federal Correctional Institution in Berlin, brings a petition for a writ of habeas corpus. See 28 U.S.C. § 2241. He challenges a decision of the Bureau of Prisons ("BOP"), which determined that Jones should not receive presentence credit for the time he served in state custody with the Connecticut Department of Corrections ("DOC"). Before the court is respondent's motion for summary judgment. Jones objects. For the following reasons, respondent's motion is denied.

## **STANDARD OF REVIEW**

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] "An issue is 'genuine' if it can 'be resolved in

---

[1] Neither party disputes that, in resolving respondent's motion, the court should employ the framework set forth in the Federal Rules of Civil Procedure. See Nunez v. Warden, Fed.

favor of either party,' and a fact is 'material' if it 'has the potential of affecting the outcome of the case.'" Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (1st Cir. 2016). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

Under 18 U.S.C. § 3585, a prisoner "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). In order for the prisoner to be entitled to such credit, the time spent in official detention must have been "as a result of the offense for which the sentence was imposed" and cannot have been "credited against another sentence." Id. § 3585(b)(1). The parties agree that Jones's petition is properly before this court, because Jones has exhausted his administrative remedies at the BOP. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999) (stating that "[o]nce administrative remedies are exhausted . . . . prisoners may then seek judicial review of any jail-time

---

Corr. Inst., Berlin, N.H., No. 16-cv-129-JL, 2017 WL 3447128, at *1 (D.N.H. July 24, 2017), R. & R. adopted by 2017 WL 3446778 (Aug. 10, 2017); see also Whitmore v. Parker, 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) (stating that courts have discretion to apply the Federal Rules of Civil Procedure in § 2241 habeas proceedings).

credit determination . . . by filing a habeas petition under 28 U.S.C. § 2241").

**BACKGROUND**

The following facts are undisputed, unless otherwise noted. In January 2012, Jones began serving a term of special parole on a Connecticut state sentence, which was set to expire in January 2018. Under Connecticut law, special parole is a mandatory period of parole that the defendant must complete after serving his term of imprisonment. See Conn. Gen. Stat. § 54-125e.

On October 2, 2012, Jones was arrested by state authorities for a number of state charges relating to drugs and firearms. On the same day, a parole officer issued a "remand to actual custody order" to the Connecticut DOC. This order directed the Connecticut DOC to hold Jones in custody for violation of the conditions of his special parole. See Conn. Agencies Regs. §§ 54-124a(j)(1)-1(15), 54-124a(j)(1)-4; Conn. Gen. Stat. § 54-127.

On April 10, 2013, while still in custody, Jones was indicted on federal drug and firearm charges related to his October 2012 arrest. Later that year, Jones pleaded guilty to two of the federal charges and, on October 8, 2013, he was sentenced to 94 months imprisonment. The federal court recommended to the BOP "[t]hat [Jones] receive credit for time

served."  Doc. no. 10-7 at 3 of 4.  On October 17, the state charges arising from Jones's October 2012 arrest were dismissed.

During this time, the proceedings relating to Jones's parole violation remained pending.  See Conn. Agencies Regs. § 54-124a(j)(1)-6 ("Parole revocation procedures premised upon criminal misconduct that is the subject of prosecution shall be continued until the criminal matter is disposed.").  On November 25, 2013, a parole revocation hearing was held before a hearing examiner, and Jones admitted that he had violated the terms of his special parole.  The hearing examiner made the following recommendation: "This officer recommends revoke and reparole to Mr. Jones' Federal Detainer."  Doc. no. 10-9 at 3 of 3.

On December 5, 2013, the Connecticut Board of Pardons and Paroles (the "parole board") appears to have accepted the hearing officer's recommendation, because it issued the following "Board Action" in Jones's case: "Revoked/Reparoled." Doc. no. 1-2 at 18 of 22.  Once special parole is revoked, the parole board is required to issue a mittimus "declaring the cause of commitment and requiring the warden of the correctional institution . . . to receive and keep such person for the period fixed by the judgment of the Board."  Conn. Agencies Regs. § 54-124a(j)(1)-9(p).  The mittimus issued in Jones's case, dated December 5, 2013, states that his parole was revoked on

December 5, 2013, and orders that Jones be confined until April 4, 2014.

Federal authorities took custody of Jones on April 10, 2014. Once in federal custody, Jones requested that the BOP credit towards his federal sentence the 428 days that he spent in state custody before his parole revocation. The BOP denied the request because it determined that the time in state custody was "spent serving [the] state parole revocation sentence." Doc. no. 10-15 at 9 of 9. This petition followed.

To summarize the relevant dates:

(1) On October 2, 2012, Jones was arrested and held on state drug and firearm charges, and a parole officer issued a "remand to actual custody order" for Jones's violation of the terms of his special parole.

(2) On October 8, 2013, Jones was sentenced on the federal charges to which he had pleaded guilty.

(3) On December 5, 2013, the parole board revoked Jones's special parole, and issued a mittimus ordering that Jones be confined until April 4, 2014.

(4) On April 10, 2014, federal authorities took custody of Jones.

#### DISCUSSION

Respondent does not argue, as a general matter, that there is any legal barrier preventing Jones from relying on 18 U.S.C. § 3585. Respondent contends only that, based on the undisputed facts, Jones cannot demonstrate that the time he requests "has not been credited against another sentence." 18 U.S.C. §

3585(b). Specifically, respondent asserts that the only reasonable inference from the record is that Jones was sentenced to approximately eighteen months for his parole violation, with credit for the time Jones spent detained prior to the revocation hearing. Thus, Jones would not be entitled to credit for the time he spent in custody between October 2012 and December 2013, because that time has already been credited towards the sentence for his parole violation.

Jones counters that there is a genuine dispute of material fact as to the length of his parole revocation sentence. In Jones's view, a reasonable inference from the record is that the parole board sentenced him to approximately four months for his parole violation: December 5, 2013 to April 10, 2014. Consequently, the time he spent in state custody prior to his parole revocation should be credited towards his federal sentence, because it was time spent in official detention that has not been credited against another sentence.

Assuming, as respondent appears to concede, that Jones may otherwise be entitled to relief under 18 U.S.C. § 3585, the court concludes that there is a genuine issue of material fact as to the length of Jones's parole revocation sentence. Therefore, the court denies respondent's motion for summary judgment.

At bottom, respondent's argument is that it would "not make sense" for the parole board to sentence Jones to a term of confinement of four months, because that would mean that Jones would have been forced to serve "dead time"—i.e., time not credited towards any sentence—while awaiting the revocation hearing. Doc. no. 10 at 6 n.2. Respondent argues that Connecticut law and policy recognize that defendants are to be given credit for any time served in custody prior to trial.

While respondent's inference may be reasonable, it is not the sole reasonable inference that may be drawn from this record. As Jones points out, there is no evidence in the record that explicitly shows that the parole board considered Jones's prehearing confinement when it made its decision. Indeed, the decision of the board contains no information except the following notation: "Revoked/Reparoled." Doc. no. 1-2 at 18 of 22. It is entirely unclear how the parole board fixed April 4, 2014 as the date of release. Given that the federal court had already sentenced Jones and ordered the BOP to credit Jones for time served, the parole board may have declined to consider such time in fixing Jones's parole revocation sentence. Or perhaps the parole board simply neglected to account for the period Jones spent in prehearing confinement.

Thus, absent more information that sheds light on either the general procedure that the parole board follows in these

7

situations, or the specific circumstances relating to Jones's sentence, the court concludes that there is a genuine issue of material fact that precludes summary judgment.

## CONCLUSION

For the reasons stated herein, respondent's motion (doc. no. 10) is DENIED.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 7, 2018

cc: All Counsel of Record